THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID EVANS III, TABAS JACKSON, MONTA SERVANT, and DELPHINE BRIDGES<br><br>*Plaintiffs*,<br><br>v.<br><br>THOMAS J. DART, Sheriff of Cook County, Illinois; and COUNTY OF COOK<br><br>*Defendants*. | No. 18 C 6018<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff officers David Evans III, Tabas Jackson, Monta Servant, and Delphine Bridges bring suit against Defendant Thomas J. Dart, Sheriff of Cook County, for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), and 42 U.S.C. §§ 1981 and 1983. Plaintiffs also seek indemnification from Cook County. Before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 82). For the reasons that follow, Defendants' motion is granted in part and denied in part.

## BACKGROUND

The following factual allegations are taken from Plaintiffs' Second Amended Complaint and are assumed true for the purposes of this motion. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). Plaintiffs are African-American officers currently or formerly employed by the Cook County Sheriff's Office. (Dkt. 1 at ¶ 50). Defendant Thomas Dart is the Sheriff of Cook County. (*Id.* at ¶ 18). Plaintiffs are or were accused of violating certain Sheriff's

1

Office rules and policies relating to the use of force and are or were suspended without pay pending termination proceedings before the Cook County Sheriff's Merit Board. (*Id.* at ¶¶ 51–52).

Plaintiffs claim Dart, in his official capacity as Cook County Sheriff, has adopted a policy or practice of (1) investigating, (2) disciplining, and (3) suspending without pay pending Merit Board Hearings, "non-Caucasian officers at a statistically-significant higher rate than Caucasian officers for alleged conduct that is the same and/or substantially similar….without any safeguards in place to screen for racial bias." (*Id.* at ¶¶ 38, 46-47). For example, Plaintiffs state the Sheriff's Office fails to use a chart, schedule, or matrix of disciplinary sanctions and "permit[s] Office of Professional Review Staff and Command Channel Review Staff to recommend and to impose arbitrary and capricious penalties upon officers for alleged misconduct without any regard for consistency in" outcomes. (*Id.* at ¶¶ 42–43).

On September 2, 2018, Plaintiffs, on behalf of themselves and all other similarly situated officers, sued Dart, in his official capacity as Cook County Sheriff, and Cook County. (Dkt. 1). Plaintiffs filed the operative Second Amended Complaint ("SAC") on January 3, 2021. (Dkt. 76). Plaintiffs bring disparate treatment (Count I) and disparate impact (Count II) claims under Title VII of the Civil Rights Act of 1964, 42 U.S..C. § 200e-2(a), equal protection (Count III) and due process (Count IV) claims under 42 U.S.C. § 1983, and a claim under 42 U.S.C. § 1981 (Count V) against Sheriff Dart. (*Id.*) Plaintiffs seek indemnification from Cook County (Count VI). (*Id.*)

## **LEGAL STANDARD**

When considering a motion to dismiss for failure to state a claim, the Court must view the complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). The complaint must contain a "short and plain statement of the claim showing

2

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff does not have to plead "detailed factual allegations," but the short and plain statement must "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain sufficient factual information that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570)).

## DISCUSSION

### I. Title VII Claims (Counts I and II)

Defendants argue Plaintiffs' Title VII claims are time-barred because Plaintiffs failed to timely file their EEOC charges. Prior to challenging an unlawful employment practice under Title VII in court, an employee must file a charge with the EEOC "within 300 days after the alleged unlawful employment practice occurred …." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 836 (7th Cir. 2008). Plaintiffs do not dispute that the alleged unlawful employment actions occurred more than 300 days prior to their EEOC charges.[1] Rather, Plaintiffs contend the 300-day period is subject to equitable tolling.

Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). The Court must assess "whether a 'reasonable' person in the plaintiff's position would have been aware of the possibility that he had suffered an adverse employment action because of illegal discrimination." *Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 396 (7th Cir. 2000) (internal citations omitted). A litigant

---

[1] The untimeliness of Plaintiffs' EEOC charges is confirmed by the charges themselves. (*See* Dkt. 82 at Exs. A, C, E). Although the charges are not attached to the SAC, because they are referenced in the SAC and central to claims alleged therein, (Dkt. 76 at ¶¶ 23–25), the Court may consider them when ruling on a motion to dismiss. *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018).

seeking to invoke equitable tolling has the burden to establish (1) "diligence in the pursuit of her rights" and (2) "the existence of an extraordinary circumstance that nonetheless stood in the way of her making a timely filing." *Madison v. United States Dep't of Lab.*, 924 F.3d 941, 947 (7th Cir. 2019).

Plaintiffs allege that "the harms alleged herein were … not discovered by Plaintiffs until the investigation leading to the EEOC Charges uncovered the wrongful policies, practices, decisions, customs, and wrongful express acts alleged herein[,]" (Dkt. 76 at ¶ 33), but otherwise fail to allege any facts regarding the diligence they exercised in investigating the possibility of discrimination or any extraordinary circumstance that prevented them from filing timely charges. While, the SAC states "the harms alleged herein were concealed by Defendant Dart[,]" (*id.*), the "applicability of equitable tolling does not turn on any effort by the defendant to prevent the plaintiff from filing suit." *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1174 (7th Cir. 1999). As Plaintiff's EEOC charges are admittedly untimely and as the SAC fails to adequately invoke the equitable tolling doctrine, Counts I and II must be dismissed as time-barred.[2]

## II. *Monell* Claims (Counts III and IV)

To establish municipal liability under § 1983, "a plaintiff must show the existence of an 'official policy' or other governmental custom that not only causes but is the 'moving force' behind the deprivation of constitutional rights." *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012) (citation omitted). Plaintiffs bring *Monell* claims premised on a violation of their

---

[2] Plaintiff Bridges did not file a charge with the EEOC, but brings Title VII claims through the "piggyback" doctrine, which exempts a plaintiff from filing an EEOC charge if his claim "arises out of the same unlawful conduct" as those of other plaintiffs who timely filed charges. *Horton v. Jackson Co. Bd. of Cnty. Comm'rs*, 343 F.3d 897, 900 (7th Cir. 2003); (Dkt. 76 at ¶ 28). Because the remaining Plaintiffs' charges are untimely, however, Bridges' claims must also be dismissed.

equal protection and due process rights due to Dart's "failure to address the identified policy issues by failing to ensure consistency in disciplinary outcomes, the failure to implement a disciplinary matrix, the failure to ensure non-arbitrary issuance of investigations and disciplinary measures, and the gross inconsistencies in outcomes pleaded in the SAC…." (Dkt. 88 at 4).

"*Monell* liability based on a failure to act, at its core, follows from a showing of constitutional violations caused by a municipality's deliberate indifference to the risk of such violations." *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 380 (7th Cir. 2020). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Lapre v. City of Chicago*, 911 F.3d 424, 434 (7th Cir. 2018) (citing *Connick v. Thompson*, 563 U.S. 51, 61–62 (2011). Notice of a risk of constitutional violations may be shown "through proof of a prior pattern of similar constitutional violations." *J.K.J.*, 960 F.3d at 330. While "there is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability," there "must be more than one instance…." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 302 (7th Cir. 2010) (internal quotations and citation omitted).

### A. Equal Protection Claim (Count III)

To state an equal protection-based *Monell* claim, Plaintiffs must "plead factual content that allows the court to draw the reasonable inference that the [Sheriff] maintained a policy, custom, or practice of intentional discrimination against a class of persons to which [Plaintiffs] belonged." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (internal quotations and citation omitted). Plaintiffs allege Dart's failure to ensure consistency in disciplinary outcomes results in discrimination against non-Caucasian officers because similarly situated Caucasian officers do not receive comparable disciplinary sanctions. (Dkt. 76 at ¶¶ 48, 53–58). The SAC goes on to list

several instances in which Caucasian officers accused of similar conduct (use of force) have received lesser discipline. (*Id*. at ¶ 58). By contrast, Plaintiffs' own disciplinary sanctions demonstrate that in at least four separate instances [3], non-Caucasian officers have received stricter disciplinary consequences for comparable violations. (*Id*.) These allegations are sufficient to allege a pattern of conduct such that it is plausible to infer Dart was on notice of the discriminatory treatment of non-Caucasian officers and that the failure to address such treatment may result in constitutional violations. *See e.g.*, *Moore v. City of Chicago*, No. 97-C-2170, 1998 WL 160891, at *6 (N.D. Ill. Mar. 31, 1998) (allegations that plaintiff and other African American officers were subjected to random drug tests, unequal discipline, and disproportionate assignment of duties as compared to white officers created an inference that the City knew of the misconduct). Count III adequately states a *Monell* claim premised on a violation of Plaintiffs' equal protection rights.

      B.  Due Process Claim (Count IV)

Plaintiffs also claim Dart's policies denied them due process of law. It is unclear whether Plaintiffs claim a procedural or substantive due process violation, but the Court assesses the sufficiency of the SAC under both theories. "A procedural due process claim under § 1983 requires that the plaintiff allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation." *Cannici v. Village of Melrose Park*, 885 F.3d 476, 479 (7th Cir. 2018). Plaintiffs claim they were deprived of a property interest in the form of their continued compensation and employment without process, in the form of "procedures that eliminate or prevent race discrimination in the disciplinary process at every level, from the

---

[3] Defendants argue Plaintiffs' own experiences amount to contemporaneous conduct that may not be used to establish a pattern of unconstitutional conduct. It is clear from Plaintiffs' EEOC charges, however, the disciplinary actions taken against each of them occurred independently of one another and thus do not constitute contemporaneous conduct. (Dkt. 82 at Exs. A, C, E).

investigative phase through to the Merit Board process." (Dkt. 88 at 5). Plaintiffs fail to cite to any authority, however, indicating that policies aimed at ensuring consistency in discipline, such as use of a chart or matrix to keep track of disciplinary sanctions, are the sort of procedural protections afforded by the due process clause, particularly when Plaintiffs were given the opportunity to (1) have hearings before the Merit Board and (2) bring EEOC charges against Dart complaining of alleged race discrimination.

To state a substantive due process claim premised on a deprivation of employment-related rights, Plaintiffs "must allege that the [Sheriff] deprived [them] of a state-created property interest by arbitrary and irrational conduct and that the [Sheriff] either committed a separate constitutional violation or state law remedies are inadequate." *Campos v. Cook Cty.*, 932 F.3d 972, 975 (7th Cir. 2019). Once again, Plaintiffs fail to explain how Dart's failure to implement procedures to ensure consistency in disciplinary outcomes prior to suspending them without pay is arbitrary or irrational conduct sufficient to show a substantive due process violation. *See id*. ("The scope of substantive due process is very limited. And courts should be reluctant to expand the concept of substantive due process….") (internal quotations and citation omitted). While "discrimination may be so unjustifiable as to be violative of due process[,]" Plaintiffs fail to allege facts indicating the lack of policies that *may* protect against discrimination rises to a due process violation. *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). For these reasons, Plaintiffs § 1983 claim premised on due process violations is dismissed without prejudice.

C. Section 1981 Claim (Count V)

Plaintiffs bring a *Monell* claim under 42 U.S.C. § 1981, which prohibits intentional race discrimination in the making or enforcing of a contract. *Morris v. Office Max*, *Inc*., 89 F.3d 411, 413 (7th Cir. 1996). Section 1983, however, "provides the exclusive federal damages remedy for

7

the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Campbell v. Forest Pres. Dist. of Cook Cnty.*, 752 F.3d 665, 671 (7th Cir. 2014). Because Plaintiff's equal protection-based § 1983 claim survives, so too does Plaintiff's § 1981 claim. *See e.g.*, *Foggey v. City of Chicago*, No. 16 CV 10963, 2018 WL 704688, at *6 (N.D. Ill. Feb. 5, 2018) (dismissing § 1981 claim against state actor where plaintiff failed to state a claim under § 1983).

### D. Timeliness of Servant's *Monell* Claims

Finally, Defendants argue Servant's *Monell* claims must be dismissed as untimely. In Illinois, § 1983 actions must be filed within two years from the date when "the plaintiff knows or should know that his or her constitutional rights have been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006) (internal quotations omitted). Although Servant was suspended in June 2015 (Dkt. 82 at Ex. C), it is unclear from the SAC when he first discovered he may have been discriminated against. Particularly, Plaintiffs do not allege when they learned that similarly situated Caucasian officers were treated differently. Prior to discovering this information, Servant had no reason to suspect, in spite of his suspension, that he had been discriminated against. *See Fayoade v. Spratte*, 284 F. App'x 345, 347 (7th Cir. 2008) (for § 1983 claims the "statute of limitations begins to run once a plaintiff has knowledge that would lead a reasonable person to investigate the possibility that his legal rights had been infringed."). Thus, the SAC does not allege sufficient information to conclude at this stage that Servant's § 1983 claims are untimely. *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009) ("[S]ince a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations[,] … dismissal is [only] appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness.").

### III. Indemnification Claim (Count VI)

In Count VI, Plaintiff seeks indemnification from Cook County premised on Dart's alleged unconstitutional conduct. As Counts III and V survive against Dart, so too does Plaintiffs' indemnification claim against the County.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in part and denied in part. Counts I, II, and IV are dismissed without prejudice. Counts III, V, and VI survive. Plaintiffs may amend their SAC within 21 days from the date of this order if they are able to do so.

_____
Virginia M. Kendall
United States District Judge

Date: July 23, 2021

9